DETROIT REDUCTION CO. *v.* BLADES.

1. MUNICIPAL CORPORATIONS — DETROIT CHARTER — CONTRACTS —
COMMISSIONER OF PUBLIC WORKS — ESTIMATE — NECESSITY —
GARBAGE CONTRACT.

Under sections 234, 240, and 378 of the charter of Detroit (compilation of 1904), an estimate by the commissioner of public
works is not a prerequisite to the making by the common
council of a contract for the disposal of garbage to be collected by the city, such contract not requiring the construction of any public works, and there being neither necessity
for, nor propriety in, the commissioner recommending action
in relation to matters with which his department is in no
way concerned.

2. SAME—DUTIES OF COMMISSIONER.

It is not important in this connection that the council provided
in the contract that the commissioner should designate the
stations at which the garbage should be delivered, since, by so
doing, the council, for convenience, designated the commissioner as the agent of the city, but did not enlarge his powers
under the charter and render nugatory the very act under
which his special powers were conferred.

3. SAME—APPROPRIATION—NECESSITY.

Under section 240 of the charter, contracts for the removal and
disposition of garbage are exempted from the provision that
a tax assessment must be laid to pay the expense in advance
of a contract, and hence the objection that the appropriation
made in connection with such a contract is insufficient, is
immaterial.

Certiorari to Wayne; Hosmer, J.   Submitted April 3,
1906.   (Calendar No. 21,619.)   Decided April 21, 1906.

Mandamus by the Detroit Reduction Company to compel Francis A. Blades, city controller of Detroit, to enter
into a contract with relator as authorized by the common
council.   There was an order denying the writ, and relator brings certiorari.   Reversed, and writ granted.

*Clark, Jones & Bryant,* for relator.

*Timothy E. Tarsney,* for the city of Detroit.

*H. E. Spalding,* for respondent.

*John J. Speed,* for taxpayers.

MONTGOMERY, J. This is certiorari to review mandamus proceedings. The common council of the city of Detroit voted to enter into a contract with relator which, in substance, provided that the city would for a period of 10 years collect, or cause to be collected, all garbage in the city and deliver it to relator, and that relator should dispose of the same without cost to the city. The contract provided that the city would provide for the collection of the garbage and delivery of the same to relator, either by a contractor or agents of the city. The respondent refused to act upon the direction of the common council to execute the contract, and mandamus was sought to compel him to act. The court below refused the writ of mandamus, and that ruling is now before us for review.

It was contended in the circuit court that the proposed contract was illegal, and three grounds of invalidity were urged:

" 1. No preliminary estimate of the cost was obtained from the commissioner of public works.

" 2. The extent of the liability imposed upon the city by the contract is indefinite, uncertain, and incapable of ascertainment.

" 3. Sufficient money to defray the expense is not available for appropriation. The appropriation attempted was insufficient and is ineffectual, and no tax or assessment has been levied to defray the expense."

In determining the first question, it is necessary to have before us the precise provisions of the charter. Three sections have a direct bearing on the question; sections 234 and 240 of the 1904 compilation, being sections 2 and 8 of the amended charter, and section 378 of compilation, being section 12 of the board of public works act. These sections read as follows:

" (234) SEC. 2. The common council shall have power annually to levy, assess and collect taxes not exceeding one per cent. on the assessed value of all real and personal estate in said city, made taxable by the laws of this State, in order to defray the expenses, and for the purpose for which the general fund, contingent fund, Detroit fire commission fund, poor fund, general road fund and recorder's court fund are constituted as above. Said common council shall have power annually to levy assessments and collect taxes on the assessed value of all real and personal estate in said city, made taxable by the laws of this State, in order to defray the expenses and for the purpose for which the public lighting fund is constituted as above. Said common council shall have power to advertise for proposals and contract for such public lighting for the term of one, two or three years, as they shall deem advisable: *Provided,* That the amount to be raised for such public lighting in any one year shall not exceed the estimated cost or the actual cost if already contracted for, of the public lighting for that year: *Provided further,* That the common council shall have the power to advertise for proposals, and contract for the removal, disposition and destruction of garbage and all animal and vegetable refuse for the term of one, two or three years, or for such term, not exceeding ten years, as they shall deem advisable; but the amount to be raised for any such purpose in any one year shall not exceed the estimated cost or the actual cost, if annually contracted for, for that year. (As amended by Act No. 272, Local Acts 1901, approved February 6, 1901.)"

" (240) SEC. 8. No contract shall be let or entered into for the construction of any public work, or for any work to be done, or for the purchasing or furnishing of supplies for said city not herein provided for, and no such public work, performance, purchasing or supplying shall be commenced until approved by the common council, and until the contract therefor has been duly approved and confirmed by the common council, and a tax or assessment levied to defray the cost and expense of the same, and no such work, supplies and materials shall be paid for or contracted to be paid for, except out of the proceeds of the tax or the assessment thus levied: *Provided, however,* That the public lighting may be contracted for and paid for in accordance with section two of this act: *And provided further,* That the removal, disposition or de-

struction of garbage may be contracted and paid for in accordance with the provisions of section two of this act. (As amended by Act No. 424, Local Acts 1889, chap. 11, § 8, approved June 17, 1889.) "

Section 12 of the board of public works act reads:

" When any public improvement (except the opening of public streets), or public work is proposed, the common council shall, before proceeding with. the same, refer the matter to said board of public works, and the board last named shall forthwith proceed to examine the same, and shall, as soon as practicable, report thereon to the common council, giving detailed estimates of the costs of such works or improvements (if any cost there will be), and shall make such recommendations as said board of public works shall deem expedient." Act No. 392, Laws 1873.

By a later act the duties of the board of public works were devolved upon a commissioner. Act No. 417, Local Acts 1901.

The question is whether the contract in question is one which the council is by section 12 prohibited from making, in the absence of an estimate from the commissioner. We think not. It is clear that the contract in question does not require the construction of any public works. It is only as the contract makes necessary further action by the city that its execution can be said to be proceeding with a public improvement or work. But, though this contract is to be treated as a step in a proceeding which will ultimately involve the city in the work of gathering garbage, and therefore a " proceeding " with that business, we think it is not within the terms of the section quoted. This section should be construed as relating to those works and improvements which are committed to the care of the commissioner. There is neither necessity for, nor propriety in, the commissioner recommending action to the common council in relation to matters in which his department is in no way concerned.

Nor is it important that the common council may have, in its contract with relator, provided that the commissioner should designate the stations at which the garbage

should be delivered. In so doing, the council, for convenience, designated the commissioner as the agent of the city, but did not enlarge his powers under the charter and render nugatory the very act under which his special powers were conferred. The two cases of *Butler* v. *City of Detroit*, 43 Mich. 552, and *Mills* v. *City of Detroit*, 95 Mich. 422, dealt with public improvements which were, by the act constituting the board of public works, committed to its charge, and the construction given to section 12 must be considered in the light afforded by that important circumstance.

Under section 240 contracts for the removal and disposition of garbage are exempted from the provision that a tax assessment must be laid to pay the expense in advance of a contract. Section 234 in its general scope is an enabling provision. The common council is authorized to levy, assess, and collect taxes not exceeding 1 per cent. By a proviso the common council is given authority to contract for the removal and destruction of garbage for a term of years. This is followed by a provision that the amount to be raised by tax in any one year shall not exceed the estimated cost for that year, or actual cost if annually contracted for. It is evident that this provision was inserted, not for the purpose of indicating that an estimate by any particular board other that the common council was required, but to exclude the assumption that the entire cost of a long term contract could be assessed in one year.

We do not think the claim that the appropriation is inadequate is entitled to weight. It is not made a prerequisite to entering into the contract that the fund with which to meet the demands growing out of it shall be in hand.

We think the court was in error in refusing the writ of mandamus, and the order will be reversed.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.